# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 21-11259
Summary Calendar

Frank D. McCollum, III,

*Plaintiff—Appellant*,

*versus*

Gracie G. Lewis, Criminal District Court No. 3; Jane Doe, *Dallas County Sex-Offender Community Supervisor*; Leah McDonald, *Dallas County Sex-Offender Adult Probation Officer*; John Wiley Price, *Dallas County Commissioner*; Pete Henschel, *Psychologist*; Stacy Dupler, *Sex Offender Therapist*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2351

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Frank D. McCollum, III, Texas prisoner # 2021347, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 claims against Pete Henschel as frivolous.[1] *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). We previously affirmed in part a prior decision by the district court dismissing McCollum's complaint against Henschel and other defendants as frivolous, but we vacated the district court's decision in part and remanded the case to the district court for further consideration of McCollum's claims against Henschel.

By moving for IFP, McCollum is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* FED. R. APP. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We need not determine whether the dismissal of his claims as frivolous under §§ 1915(e)(2)(B) and 1915A(b) is reviewed de novo or for abuse of discretion because McCollum's arguments fail to satisfy either standard of review.

McCollum asserts that his claims are grounded in 18 U.S.C. §§ 242 and 245 and contends that redress is guaranteed under the Fifth Amendment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Although McCollum also argues that his appeal is not barred under the "three-strikes" provision of 28 U.S.C. § 1915(g), we assume, without deciding, that the § 1915(g) bar has not yet been imposed. *See Alexander v. Texas Dep't of Criminal Justice*, 951 F.3d 236, 241 n.1 (5th Cir. 2020).

and § 207(b) of the Civil Rights Act of 1964. However, he does not provide any arguments indicating how his claims arise out of the authorities cited, nor does he provide any specific challenge to the district court's determination that his claims alleging criminal law violations lack any legal basis. Because he has failed to adequately brief these arguments, he has abandoned them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

McCollum also argues that the district court erred for various reasons in determining that he did not assert sufficient state involvement in his § 1983 claim that Henschel denied psychiatric treatment. However, these arguments do not address the district court's alternative determination that his claims against Henschel were time barred. McCollum's failure to adequately brief any challenge to this alternative basis for the district court's decision is the same as if he had not appealed the district court's decision at all. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Yohey*, 985 F.2d at 224-25.

McCollum has not demonstrated a nonfrivolous issue for appeal, and thus his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220. Both the district court's dismissal of McCollum's claims as frivolous and this court's dismissal of the appeal as frivolous count as strikes for purposes of § 1915(g). *See* § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). McCollum incurred an additional two strikes *McCollum v. Valdez*, No. 3:18-CV-1778 (N.D. Tex. May 21, 2019), and in *McCollum v. Valdez*, 848 F. App'x 634, 635 (5th Cir. 2021).

Because he now has at least three strikes, McCollum is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED

No. 21-11259

that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.